DONG, ADAM'S LAW FIRM PLLC
Adam Dong, Esq.
3708 Main St, Suite 308
Flushing, NY 11354
Tel:   (929) 269-5666
*Attorney for Plaintiff, and proposed FLSA Collective*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------------x

Dounfuh Lan,
*on behalf of himself and others similarly situated*

                           *Plaintiff,*

        v.

CT wanhua noodle Corp
d/b/a Dun Huang Edison,

                    *Defendant.*

---------------------------------------------------------------x

**Case No. 22-cv-00050**

**29 U.S.C. § 216(b)**
**COLLECTIVE ACTION**

**COMPLAINT**

<u>JURY TRIAL DEMANDED</u>

      Plaintiff Dounfuh Lan (hereinafter referred to as "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Dong, Adam's Law Firm PLLC and Adam Dong, Esq., hereby brings this complaint against Defendants CT wanhua noodle Corp d/b/a Dun Huang Edison (hereinafter referred to as "Defendant") and alleges as follows:

**INTRODUCTION**

1.     This action is brought by Plaintiff Dounfuh Lan on behalf of himself and other similarly situated employees against Defendant for alleged violations of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.*, the New Jersey Wage Payment Law (NJWPL), N.J.S.A. §§ 34:11-4.1 *et* seq.; the New Jersey Wage and Hour Law (NJWHL), N.J.S.A. §§ 34:11-56a *et seq.*; and the New Jersey Wage and Hour Regulations (NJWHR), N.J.A.C. §§ 12:56 *et seq.* arising from Defendant's various willful and unlawful employment policies, patterns and/or practices.

2.     Upon information and belief, Defendant has willfully and intentionally committed

widespread violations of the FLSA, NJWPL, NJWHL, and NJWHR by engaging in a patterned practice of failing to pay its employees, including the Plaintiff, minimum wage for all hours worked and overtime compensation for all hours worked over forty (40) each workweek. In addition, Defendant has been misappropriating Plaintiff and similar situated employee's tips.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendant: (1) unpaid wage for regular hours worked, (2) unpaid overtime wage, (3) misappropriated tips, (4) liquidated damages, (5) prejudgment and post-judgment interest; and (6) attorneys' fees and cost.

4.      Plaintiff alleges pursuant to NJWHL that he is entitled to recover from the Defendant: (1) unpaid wage for regular hours worked, (2) unpaid overtime wage, (3) misappropriated tips, (4) equal to 200% of any wage amount owed and tips misappropriated as liquidated damages, and (5) reasonable attorney's fees and costs.

5.      Plaintiff alleges pursuant to NJWPL that she is entitled to recover from the Defendant: (1) unpaid wage for regular hours worked, (2) unpaid overtime wage, (3) misappropriated tips, (4) equal to 200% of any wage amount owed and tips misappropriated as liquidated damages, and (5) reasonable attorney's fees and costs.

6.      Plaintiff alleges pursuant to NJWHR that she is entitled to recover from the Defendant: (1) unpaid wage for regular hours worked, (2) unpaid overtime wage, (3) misappropriated tips, (4) equal to 200% of any wage amount owed and tips misappropriated as liquidated damages, and (5) reasonable attorney's fees and costs.

## JURISDICTION AND VENUE

7.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the NJWPL, NJWHL, and NJWHR claims pursuant to 28 U.S.C. § 1367(a).

8.      Venue is proper in this court pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendant

conducts business in this District, and the acts and omissions giving rise to the claims herein

alleged took place in this District.

## THE PARTIES

### PLAINTIFF

9.      From September 5, 2021 to December 19, 2021, Plaintiff Dounfuh Lan was employed by

Defendant to work as a server/waiter at Defendant's Edison restaurant located at 1717 NJ-27,

Edison, NJ 08817.

### DEFENDANT

*Corporate Defendant*

**Defendant CT wanhua noodle Corp**

10.     Defendant CT wanhua noodle Corp is a domestic business corporation organized under the

laws of the State of New Jersey with a principal address at 1717 NJ-27, Edison, NJ 08817.

11.     CT wanhua noodle Corp operates a restaurant at 1717 NJ-27, Edison, NJ 08817.

12.     Upon information and belief, CT wanhua noodle Corp is a business engaged in interstate

commerce that has gross sales in excess of five hundred thousand dollars ($500,000.00) per year.

13.     Based on Plaintiff's personal and direct observations, CT wanhua noodle Corp has at least

150-200 orders per day on weekdays (Mondays to Thursdays), including dine-in and takeout, with

an average order size of at least $20 per order, or at least $3,000 to $4,000 per day in revenue.

14.     On weekends (Fridays to Sundays), CT wanhua noodle Corp's revenue would exceed more

than $20,000, with revenue over $8,000 per day on Saturdays alone.

15.     Based on Plaintiff's personal and direct observations, CT wanhua noodle Corp's monthly

revenue exceeds $150,000 per month.

16.     CT wanhua noodle Corp purchased and handled goods moved in interstate commerce.

17.     CT wanhua noodle Corp was and continues to be an enterprise engaged in commerce within the meaning of the FLSA.

18.     The work performed by Plaintiff was directly essential to the business operated by CT wanhua noodle Corp.

## STATEMENT OF FACTS

19.     Defendant committed the following alleged acts knowingly, intentionally, and willfully against the Plaintiff, and the potential FLSA Collective Plaintiffs:

20.     Upon information and belief, Defendant, and/or its owner operators were involved in a similar wage and hour lawsuit filed in the United States District Court Southern District of New York, Chen v. Dun Huang Corp., et al., case number 19-cv-11883.

21.     Defendant knew its obligations under the FLSA, yet still chose to not abide by the law.

22.     At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the minimum wage under FLSA, NJWHL, NJWPL, and NJWHR for each of the hours worked.

23.     At all relevant times, Defendant knowingly and willfully failed to pay Plaintiff the lawful overtime compensation of one and one half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

24.     While employed by Defendant, Plaintiff was not exempt under federal or state laws requiring employers to pay employees overtime compensation.

25.     Defendants did not inform Plaintiff or any other employee that Defendant would take or apply tip credit toward the minimum wage or overtime compensation.

26.     Defendant did not inform Plaintiff or any other employee in writing regarding any

deductions on meal or lodging that the Defendant would take against Plaintiff or any other employee's payment.

***Plaintiff Dounfuh Lan***

27.    From September 5, 2021 to December 19, 2021, Plaintiff Dounfuh Lan, was employed by Defendant to work as a server/waiter at Defendant's Edison restaurant located at 1717 NJ-27, Edison, NJ 08817.

28.    Throughout Plaintiff's employment at Defendant's restaurant, Plaintiff was paid at $3 per hour for all hours worked, including overtime hours.

29.    Based on Plaintiff's personal knowledge and observations, all other waitstaffs were also paid at $3 per hour for all hours worked.

30.    In 2021, the minimum wage under the FLSA was $7.25 per hour for regular rate, and $10.88 per hour for overtime rate.

31.    In 2021, the minimum wage under NJWHL, NJWPL, and NJWHR was $12 per hour for regular rate, and $18 per hour for overtime rate.

32.    In the month of September 2021, Plaintiff only received 80% of his tips, Defendant misappropriated 20% of all the tips Plaintiff received.

33.    Throughout Plaintiff's employment at Defendant's restaurant, Defendant deducted 3% from Plaintiff and other waitstaffs' tips charged on credit cards to cover Defendant's credit card transaction fees.

34.    NJWHL specifically prohibits "employer using an employee's tips to pay any portion, however small, of the fee charged to the employer by a credit card company or other financial institution for the use of credit or debit cards in its business, including the processing of such credit or debit card transactions." N.J.A.C. 12:56-3.5(g).

35.     Upon information and belief, Defendant also takes tips from waitstaff to pay non-tipped employees' wage.

36.     Throughout Plaintiff's employment at Defendant's restaurant, Plaintiff was required to perform non-tipped work, including but not limited to packing take out orders, cleaning restroom, moving inventory, and sometimes helping out in kitchen. Based on Plaintiff's estimation, the hours performing non-tipped work in a workweek exceeds 20% of all hours worked.

37.     During Plaintiff's employment at Defendant's restaurant, Plaintiff was paid on the 1st and 16th day of each month, however, Defendant did not pay Plaintiff for his work performed from December 16, 2021 to December 19, 2021.

38.     Throughout Plaintiff's employment at Defendant's restaurant, Plaintiff regularly worked 5 days per week, with two days off; occasionally Plaintiff would work 6 days per week.

39.     Throughout Plaintiff's employment at Defendant's restaurant, Plaintiff regularly starts working at around 10:30 am, and work until at 9:30 pm to 10pm. Plaintiff takes approximately one hour of break during each workday.

40.     Throughout Plaintiff's employment at Defendant's restaurant, Plaintiff regularly worked around 50 hours per week, except for the last three to four weeks of employment.

41.     Throughout Plaintiff's employment at Defendant's restaurant, he was not compensated at one and a half times (1.5x) of at least the state and federal minimum wage rate for the hours he worked in excess of forty (40) in a given workweek.

42.     Plaintiff's last day of work was December 19, 2021, and to date, he has not received his final paycheck.

43.     While employed by Defendant, Plaintiff was not exempt under federal or state laws from receiving minimum wage or overtime pay.

## COLLECTIVE ACTION ALLEGATIONS

44.     Plaintiff brings this action individually and as class representatives on behalf of all other similar situated current and former non-exempt employees who have been employed by Defendant for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and those who were not compensated at one and one half times their regular hourly rate for all hours worked in excess of forty (40) hours per workweek, and those who were not compensated at least the state and federal minimum wage rate for all hours worked (the "Collective Action Members").

## STATEMENT OF CLAIMS

## COUNT I

## [Violation of Fair Labor Standards Act— Unpaid Wages/Minimum Wages

## Brought on Behalf of Plaintiff and the FLSA Collective]

45.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

46.     At all relevant times, Defendant had a policy and practice of refusing to pay Plaintiff and the similarly situated collective action members the minimum wage rate set under the FLSA.

47.     The FLSA provides that any employer who violates the provisions of 29. U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

48.     Defendant did not pay Plaintiff at least the minimum wage rate set under the FLSA for all the hours he worked for Defendant, in addition, Defendant did not pay Plaintiff at all for the last four days of his work.

49.     Defendant knowingly and willfully disregarded the provisions of the FLSA as evidenced

by failing to compensate Plaintiff and Collective action Members at least the minimum wage set under the FLSA for some or all of their hours worked when Defendant knew or should have known that its actions would financially injure Plaintiff and Collective Action Members.

**COUNT II**

**[Violation of Fair Labor Standards Act— Failure to Pay Overtime**

**Brought on Behalf of Plaintiff and the FLSA Collective]**

50.    Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

51.    The FLSA provides that no employer engaged in commerce shall employ a covered employee for a workweek longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one half times the regular rate at which he is employed, or one and one half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

52.    The FLSA provides that any employer who violates the provision of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

53.    Defendant's failure to pay Plaintiff and the FLSA Collective their proper overtime rate violated the FLSA.

54.    Defendant only paid their employees including Plaintiff straight time rate, and failed to pay the overtime premium for hours worked over forty (40).

55.    At all relevant times, Defendant had, and continue to have, a policy and practice of refusing to pay the proper overtime rate to Plaintiff and FLSA Collective members at one and one half times of their regular hourly rate or the minimum wage, whichever is higher, for all hours worked

8

in excess of forty (40) per workweek, which violated and continues to violate the FLSA. 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

56.     The FLSA and supporting regulations requires employers to notify employees of employment law requirements. 9 C.F.R. § 516.4.

57.     Defendant willfully failed to notify Plaintiff and FLSA collective members of the requirements of the employment law in order to facilitate their exploitation of Plaintiff and FLSA collective's labor.

58.     Defendant knew or should have known that by failing to pay Plaintiff and FLSA collective the proper overtime rate, Plaintiff and FLSA collective members would be financially injured.

## COUNT III

### [Violation of Fair Labor Standards Act— Unlawful Retention of Tips

### Brought on Behalf of Plaintiff and the FLSA Collective]

59.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

60.     Pursuant to U.S. Department of Labor's regulations, 29 C.F.R. § 531.52, tips are the property of the employee.

61.     Defendant's illegal deduction and retention of Plaintiff and Collective Member's tips violated the FLSA, 29 C.F.R. §531.52.

62.     As a result of Defendant's willful violation of the FLSA, Plaintiff and the FLSA Collective members are entitled to recover the full amount of misappropriated tips, attorney's fees and costs, and other compensation pursuant to 29 U.S.C. §216(b).

## COUNT IV

### [Violations of NJWPL, NJWHL, NJWHR—Minimum Wage/ Unpaid Wage

**Brought on Behalf of Plaintiff]**

63.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

64.     At all relevant times, Plaintiff was employed by Defendants within the meaning of the NJWPL, NJWHL, and WJWHR.

65.     NJWPL §34:11-4.3 *et seq*. requires employers to pay the full amount of wages due to employees not later than the regular payday for the pay period during which the employee's termination, suspension or cessation of employment (whether temporary or permanent) took place.

66.     Plaintiff's last day of work was December 19, 2021, to date, Plaintiff has not received his wage payment for his last four days of work.

67.     Defendant failed to pay Plaintiff the required minimum wage rate set under the NJWHL.

68.     At all relevant times, Defendant had a policy and practice of refusing to pay the statutory minimum wage to Plaintiff, for some or all of the hours he worked.

69.     Defendant knowingly and willfully violated Plaintiff's rights by failing to pay his minimum wages in the lawful amount for hours worked.

70.     By failing to pay Plaintiff, Plaintiff is entitled to recover from Defendant his full unpaid wage, damages for unreasonably delayed payment of wages, liquidated damages, reasonable attorneys' fees and costs and disbursement of the action, and interest.

**COUNT V**

**[Violations of New Jersey Wage and Hour Law—Unpaid Overtime Wage**

**Brought on Behalf of Plaintiff]**

71.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

72.     At all relevant times, Plaintiff was employed by Defendant within the meaning of the NJWHL.

73.     Under the NJWHL and supporting NJ Department of Labor Regulation, Defendant was required to pay Plaintiff one and a half times (1.5x) the regular rate of pay for all hours worked in excess of forty (40) in a workweek.

74.     Defendant failed to pay Plaintiff the overtime wage to which he was entitled under the NJWHL.

75.     Defendant have willfully violated the NJWHL by knowingly and intentionally failing to pay Plaintiff overtime wages.

76.     Due to Defendant's willful violations of the NJWHL, Plaintiff is entitled to recover his unpaid overtime wage, reasonable attorney's fees and cost of this action, liquidated damages, and prejudgment and post judgment interest.

## COUNT VI

**[Violations of NJWHL and NJWPL— Tip Misappropriation/Withholding Violation**

**Brought on Behalf of Plaintiff]**

77.     Plaintiff repeats, realleges, and incorporates by reference all preceding paragraphs as though fully set forth herein.

78.     Pursuant to N.J.A.C. 12:56-8.4(b), tips are the property of the employee.

79.     Defendant unlawfully deducted Plaintiff's tips for credit card transaction cost, and other unlawful purposes, which violates the NJWHL and NJWPL.

80.      Due to Defendant's willful violations of the NJWHL and NJWPL, Plaintiff is entitled to recover the full amount of the unlawfully deducted tips, reasonable attorney's fees and cost of this action, and prejudgment and post judgment interest.

11

## JURY TRIAL

81.    Plaintiff demands this case to be tried by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself, and the FLSA Collective Action Members, respectfully request that this Court enter a judgment providing the following relief:

a)      Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendant as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of their right to join this lawsuit if they wish to pursue their claims;

b)      Certification of this case as a collective action pursuant to FLSA;

c)      Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similar situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state law claims in this action by filing individual consent to sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and his counsel to represent the Collective Action Members.

d)      A declaratory judgment that the practices complained of herein are unlawful under the NJWHL, NJWPL, and NJWHR;

e)      An injunction against Defendant and its officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices and policies set forth herein;

f)      An award of unpaid wage and overtime wages due under the FLSA, NJWHL,

NJWHR, and NJWPL plus compensatory and liquidated damages;

g)      An award of liquidated and/or punitive damages as a result of Defendant's willful

failure to pay the minimum wage and overtime compensation, pursuant to 29 U.S.C. § 216.

h)      An award of costs and expenses of this action together with reasonable attorneys'

and expert fees pursuant to 29 U.S.C. § 216(b), NJWHL, NJWHR, and NJWPL;

i)      The cost and disbursements of this action;

j)      An award of prejudgment and post-judgment fees; and

k)      Such other and further legal and equitable relief as this Court deems necessary, just,

and proper.

Dated: Flushing, New York
       January 5, 2022

                                        Respectfully submitted,


                                        **Dong, Adam's Law Firm PLLC**

                                        _____/s/ Adam Dong_____
                                        Adam Dong, Esq.
                                        3708 Main St, Ste 308
                                        Flushing, NY 11354
                                        Tel: (929) 269-5666
                                        Email: adam.dong@dongadams.com

                                        *Attorney for the Plaintiff, and FLSA collective*